IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE PAUL BURKETT,
  Plaintiff,

v.

SGT. TRAVIS SHEAFFER,
et al.,
  Defendants.

CIVIL ACTION: 1:18-cv-02058

(Judge Jones)
(Magistrate Judge Saporito)

FILED
WILKES BARRE
JUN 26 2019
PER M5
DEPUTY CLERK

## MEMORANDUM

Plaintiff, Wayne Paul Burkett, has been granted leave to proceed *in forma pauperis* in this *pro se* Federal civil rights action. Presently pending before the court is plaintiff's motion to appoint counsel. (Doc. 22). For the following reasons, the motion will be denied without prejudice.

Although civil litigants have no constitutional or statutory right to appointed counsel, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The district court's appointment of counsel is discretionary and must be made on a case-by-case basis.

1

*Tabron*, 6 F.3d at 157-58.

The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;

(2) the difficulty of the particular legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

(4) The plaintiff's capacity to retain counsel on his or her own behalf;

(5) the extent to which the case is likely to turn on credibility determinations; and

(6) whether the case will require testimony from expert witnesses.

*Id.* (Citing *Tabron,* 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. See *Gordon v. Gonzalez,* 232 Fed. Appx. 153 (3d Cir. 2007). In *Tabron,* the court emphasized that volunteer lawyer time is extremely valuable and court should not appoint counsel indiscriminately. *Tabron,* 6 F.3d at 157.

Assuming *arguendo* that the complaint has merit, plaintiff fails to set forth sufficient circumstances warranting the appointment of counsel. See *Tabron,* 6 F.3d at 156-58. The plaintiff requests that we grant his motion for the following reasons: (1) he is not trained in the law or skilled in the art of cross-examination; (2) he is unable to do legal research and investigations; (3) the issues will turn on the credibility of

3

the parties; and (4) he has been unable to retain counsel. (Doc. 22). In his complaint and the subject motion, the plaintiff demonstrates the ability to present comprehensible arguments and to present his own case. He makes reference to relevant statutes. Furthermore, investigation of the facts is not beyond plaintiff's capabilities and he is familiar with the facts of this case.

It is also noted that this court does not have a large group of attorneys who would represent the plaintiff in this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe pro se pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under §1915(d) may be made at any point in the litigation and may be made by the

> district court *sua sponte* ...even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of the plaintiff.

A separate Order follows.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: June 26, 2019

5